UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDERSON P. THURSTON,<br><br>             Plaintiff,<br><br>v.<br><br>MARCUS POLLARD, Warden, et al.,<br><br>             Defendants. | Case No.: 21-cv-1578-BAS-BGS<br><br>**ORDER:**<br>   **(1) DENYING APPOINTMENT**<br>       **OF COUNSEL [ECF 17]**<br>   **(2) DENYING MOTION FOR**<br>       **EXTENSION TO FILE**<br>       **OPPOSITION TO ANSWER**<br>       **[ECF 21]** |

Plaintiff, a state prisoner proceeding *pro se*, filed this action under 42 U.S.C. § 1983. (ECF 1.) Plaintiff has filed an *Ex Parte* Motion for the Appointment of Counsel (ECF 17), a Letter in Further Support of Motion to Appointment of Counsel (ECF 19), and a Motion for Extension of Time to File Opposition to Defendants' Answer to Complaint (ECF 21). For the reasons set forth below, these two motions are **DENIED**.

**I.    BACKGROUND**

Plaintiff's Complaint alleges that when he was transferred to Richard J. Donovan Correctional Facility ("RJD") his wheelchair did not fit into the cell and the cell was too small to move the wheelchair in even if it had fit inside. (ECF 1 at 9.) The lack of wheelchair use in the cell and lack of help bars resulted in Plaintiff not being able to timely

access to the toilet, having to struggle around the cell on his hands and knees, and constant injuries from falls. (*Id.* at 9-10.) The Complaint also challenges the handling of Plaintiff's complaints regarding his housing conditions. (*Id.* at 11-12.)

The Complaint asserted claims under the Eighth Amendment and Fourteenth Amendment. The Order granting Plaintiff's Motion to Proceed IFP and screening the Complaint dismissed Plaintiff's Fourteenth Amendment claim, but found the Eighth Amendment claims sufficiently pled to survive *sua sponte* pre-answer screening. (ECF 3 at 7-9.)

Defendants filed an Answer to the Complaint on January 31, 2022 and Plaintiff's motions for appointment of counsel and a request for extension of time to file an opposition to Defendants' Answer followed. (ECF 17, 21.)

## II. DISCUSSION

### A. Motion for Appointment of Counsel

Plaintiff has filed an *Ex Parte* Motion for the Appointment of Counsel and a Letter in Further Support of Motion for Appointment of Counsel. (ECF 17, 19.) Plaintiff provides a number of reasons he needs counsel appointed. He asserts that an exceptional circumstance justifying appointment of counsel is that he "is suing defendants who are in the employ of the California Department of Corrections & Rehabilitations (CDCR) at the R.J. Donovan Correctional Facility, and plaintiff remains in custody of other corrections officials at Valley State Prison who are now interfering with plaintiff's ability to prosecute his lawsuit." (ECF 17 at 2-3.) In a related argument, he argues that the combination of his health impairments and the state's interference with his law library access "creat[e] formidable obstacles to successful prosecution of this" case. (ECF 17 at 3-4.) He reiterates a similar this concern about access in his letter, explaining that following a transfer to a new facility he was placed in the administrative segregation unit and did not have access to the law library or his legal property. (ECF 19 at 1.)

Plaintiff also argues he needs counsel to investigate and gather evidence in support of his claims, including the need for experts. (*Id.* at 4-5.) He explains that as a confined

indigent plaintiff, he is unable to effectively frame his claims and conduct evidence gathering. (*Id.* at 4-5.) Finally, he argues that COVID-19 restrictions limiting movement in the prison have and are expected to continue to impede his law library access. (ECF 17 at 5.)

### 1. Legal Standard

"[T]here is no constitutional right to appointed counsel for § 1983 claims . . . ." *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions."). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer*, 560 F.3d at 760 (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer*, 560 F.3d at 760

### 2. Analysis

Plaintiff has not shown exceptional circumstances warranting appointment of counsel. Plaintiff has demonstrated his ability to present both factual and legal arguments to the Court and appears to have a basic understanding of the legal process. For example, Plaintiff's Eighth Amendment claims were found to contain allegations sufficient to survive the *sua sponte* screening required by 28 U.S.C. §§1915(e)(2) and 1915A(b). (*See* ECF 3 at 6-8.)

Additionally, it does not appear that the legal issues involved are so complex that counsel is warranted at this stage of the proceedings. *See Wilbron v. Escalderon*, 789 F.2d 1328, 1331 (noting that, "[i]f all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts,

practically all cases would involve complex legal issues."). The challenges Plaintiff identifies including adequately investigating, conducting evidence gathering, law library access, indigency, and pursing a case against correctional officers while incarcerated are not unique to Plaintiff and could arguably be asserted by almost every prisoner. And, although the Court recognizes physical and mental health concerns might under some circumstances warrant appointment of counsel, here, it is not at all clear that any of Plaintiff's asserted health concerns would impact his ability to purse his case.

As to his likelihood of success on the merits, as noted above, Plaintiff has some success at the pleading stage of this case, being allowed to proceed on his Eighth Amendment claims. However, when his likelihood of success is considered in conjunction with his ability to articular his claims and the complexity of the issues involved, he has not shown exceptional circumstances justifying appointment of counsel.

Accordingly, the Court **DENIES** Plaintiff's request for appointment of counsel. (ECF No. 17.)

**B.     Motion for Extension of Time to File Opposition to Defendant's Answer**

On February 28, 2022, Plaintiff sought a nineteen-day extension of time to file his "Opposition to defendants' Answer to the Complaint until March 11, 2022 (19 days)." (ECF 21 at 1-2.) He explains he was recently transferred, subject to quarantine and was without access to his legal materials. (*Id.*) On March 10, 2022, Plaintiff filed an "Opposition to Defendants' Answer" in which he reaffirms his allegations and challenges Defendants' assertion that he failed to exhaust his administrative remedies. (ECF 22.)

It appears that Plaintiff may have intended to seek an extension of time to file a reply to Defendants' Answer. The Federal Rules of Civil Procedure do not provide for the filing of an opposition to an answer as they would a motion to dismiss. Rather, under Federal Rule of Civil Procedure 12(a)(1)(C), "[a] party must serve a reply to an answer within 21 days *after being served with an order to reply.*" Federal Rule of Civil Procedure 12(a)(1)(C) (Identifying the time for serving responsive pleadings); *see also Harrison v.*

*Linde*, 2013 WL 687074, at *2 (E.D. Cal. Feb. 25, 2013) (Explaining that Rule 12(a)(1)(C) "only authorizes a reply to an answer *when the court orders a reply*.") (emphasis added)).

Here, the Court did not issue an order for Plaintiff to file a reply to Defendants' Answer. Because the pleading was not permitted under Rule 12, there is no reason to extend the time to file it. Plaintiff's Motion for an Extension of Time to File an Opposition to Defendant's Answer is **DENIED**.

### III.  CONCLUSION

Plaintiff's Motion for Appointment of Counsel (ECF 17) and Motion for an Extension of Time to File Opposition to Defendant's Answer are **DENIED**.

**IT IS SO ORDERED**.

Dated:  April 14, 2022

Hon. Bernard G. Skomal
United States Magistrate Judge